1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

11  EMC MORTGAGE CORPORATION,  ) Case No.: 1:11-cv-01976 AWI JLT
12  Plaintiff,  )
    )  FINDINGS AND RECOMMENDATION THAT
13  v.  )  THE MATTER BE DISMISSED FOR FAILURE
    )  TO PROSECUTE THE MATTER, TO APPEAR AT
14  MICHAEL A. BRANDT, et al.,  )  THE MANDATORY SCHEDULING
    )  CONFERENCE AND TO COMPLY WITH THE
15  Defendants.  )  COURT'S ORDERS
    )
16  _____ )

17       On November 30, 2012, this matter was removed from Kern County Superior Court.  (Doc. 1)

18  On that same day, the Court issued new case documents and set the mandatory scheduling conference

19  on March 13, 2012.  (Doc. 2)  Due to the unavailability of the Court, on February 29, 2012, the Court

20  reset the matter to April 18, 2012.  (Doc. 3)

21       Despite these orders, no joint scheduling report—or, indeed, any report--was filed.  Moreover,

22  on April 18, 2012, no party or counsel appeared at the scheduling conference.

23       On April 18, 2012, the Court issued an order to show cause why sanctions should not be

24  imposed based upon the parties' failure to file the joint report or appear at the scheduling conference.

25  (Doc. 4)  On this same date, Plaintiff filed a statement indicating that, though it was aware of the

26  notice of removal filed on November 30, 2011, it did not take any action in this Court because the

27  state court issued judgment after the notice of removal was filed and Defendants vacated the property

28  at issue.  (Doc. 6 at 2)  Plaintiff reports that because this resolved the matter, it discharged is counsel

and took no action in this Court.  Id.  Finally, Plaintiff reports that there are no further issues to litigate in this matter.  Id.  Defendants failed to respond to the Court's order to show cause.

Therefore, because Plaintiff does not wish further litigation and Defendants have failed to respond to the Court's order to show cause, the Court recommends the matter be dismissed.

## II.  Legal Standard

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).  In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Henderson, 779 F.2d at 1423-24; see also Ferdik, 963 F.2d at 1260-61; Thomspon, 782 F.2d at 831.

## III.  Discussion and Analysis

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action.  See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.  Notably, in the order to show cause, the Court reminded the parties of its earlier warning that the action may be dismissed for the failure to appear at the mandatory scheduling

conference. (Doc. 4 at 2). Thus, the parties had adequate warning that dismissal would result from noncompliance with the Court's orders, and this satisfies the requirement that the Court consider less drastic measures than dismissal of the action. Ferdik, 963 F.2d at 1262; Henderson, 779 F.2d at 1424.

## VI.    FINDINGS AND RECOMMENDATIONS

Plaintiff asserts that the matter has been fully resolved in the state court and seeks no further action in this Court. Moreover, other than filing their petition for removal, Defendants have failed to appear or taken any action to defend this matter or to respond to the orders of this Court. Accordingly, **IT IS HEREBY RECOMMENDED**:

1.    The complaint be **DISMISSED**;

2.    The matter be **CLOSED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **May 4, 2012**                          **/s/ Jennifer L. Thurston**
                                                         UNITED STATES MAGISTRATE JUDGE

3